Caldwell J,
This action was commenced to subject the stockholders do their statutory liability on their stock, and this grows out of an attachmen twhich was dissolved by the court, and error is prosecuted here to the order of the court dissolving the attachment.
It seems that the Mt. Gilead Electric Power Company was insolvent, and Collins, the defendant in error, was a stockholder living in Massachusetts; and this action was commenced and a writ of garnishment was obtained from the court, and certain funds, belonging to Collins, were reached under the writ of garnishment. Thereupon he moved for a dissolution of the attachment, which was granted, and error is prosecuted here, and that is the only ground assigned.
The whole question is found in this: The statute provides that in obtaining an attachment in a proceeding like this, the claim must be one arising upon contract; and it is claimed that this liability on the part of the stockholders, is one that is purely statutory, and it is not an obligation arising out of a contract, or upon a contract. And the court below took that view of it.
If we go outside of the state of Ohio to solve this question, we get into such a contradiction of authorities that it is almost impossible to come to any definite conclusion upon it.
Not many years ago a great many of the states were holding this liability to be penal, and many of those states today have abandoned that idea.
A great many states are still holding that it is a liability that can not be enforced outside of the state where it is created, upon the ground that it is penal, and that you can not enforce a penal law outside of the state where the law exists.
On the other hand, there are states, and a large number of them and all the time increasing, and very rapidly increasing, I think, that while this is in the sense of a statu *249 tory liability, within that liability there is a contract as to the stockholders; and that being true, such states have all held the liability of stockholders to be enforceable withim their states where the liability arises in other states, whether it is penal or not.
Again, many of the authorities seem to start off with the notion, and so hold, that this was a liability which only attached after the company had failed to pay and an execution had been returned unsatisfied, that then the liability attached to the stockholders on their statutory liability, and npt until then. And, if that is true, then it would seem that there could be no obligation on the part of the stockholders to become liable until such time as the corporation failed, and until such time as the debts could not be collected by execution against the corporation. But the general holding now is — I say general holding, but there are exceptions to it; but, the general rule, I think, is, that this is a liability that arises the moment a debt is created on the' part of the stockholders, not for the corporation, but for the creditor- — -that it then takes existence, and continues in existence until that debt is paid, and in order to set this in motion at that time, the courts have deemed it necessary to hold, all at least have held almost uniformly, thet when the party subscribes for his stock, he then, impliedly at least, agrees that he will become responsible — that implied contract being within his subscription and within the statutory obligation he assumes. The courts have held that that implied contract does exist, and that his obligation to the creditors arises, not only upon statute, but also upon atr implied contract.
This matter has been before our own supreme court, and after stating the general doctrine as to how the courts arraigned themselves, it is only' necessary to read from the case of Richard Brown v. W. J. Hitchcock, 36 Ohio St., 667. In the syllabus of that case the court say this:
“The individual or personal liability of stockholders, * * * attaches in favor of creditors at the time the debt is contracted or the liability incurred by the corporation. This is the first paragraph of the syllabus.
Judge White, in discussing this matter, has very briefiy stated, after reciting the provisions of the constitution and of the statute, and the particular statute in this case:
*250 “Under these provisions, it seems to us that the security furnished by the stockholder’s liability, in addition to that of the corporation, attaches in favor of creditors at the time the debt is contracted or the liability incurred by the corporation.
“The corporation litself is a mere legal entity, existing only in legal contemplation, and is created for the convenience and benefit of the stockholders. All its dealings are for and on their account. It can contract no debts except undeT the authority, express or implied, of the stockholders, and through their corporate agents. Our constitution and laws therefore make it an essential condition to persons thus availing themselves of the instrumentality of a corporation for the transaction of business, that the security of their personal liability shall attach to and attend all corporate liabilities.”
Then he cites a number of authorities that prevail. First, Corning v. McCullough (1 Comst. 47, 55), where the court say:
“It is a liability which every stockholder must be understood to assume and take upon himself and to be under to those who deal with the company. Dealers contract with the corporation on the faith of that security for the performance of the contract. The credit they give is given, and they trust, as well to the personal liability of the stockholders, as to the responsibility of the corporation for the fulfillment of the engagement; and each stockholder incurs that liability to the creditor the moment the contract of such creditor with the company is consummated.”
And, again, the court quote, from page 54 (1 Comst.):
“It is virtually and in effect a liability upon a contract and the mutual agreement of the parties; not indeed in form an express personal contract, but an agreement of equally binding obligation, consequent upon and resulting from the acts and admissions or implied assent of the parties.”
Quoting from the opinion of Judge White still further:
“The same principle is laid down by the Supreme Court of the United States. Hawthorne v. Calef, 2 Wall, 10. In this last case it was held that a statute, impairing the right of existing creditors to resort to such liability of *251 stockholders for payment, was void, as impairing the obligation of a contract. See also, Ochiltree v. Railroad Company, 21 Wall. 249, 252.”
He also quotes from Norris v. Wrenschall, 34 Md. 496, and Hager v. Cleveland, 36 Md., 476:
‘‘The stockholders’ liability to creditors is held to be in the nature of a contract. The court say: ‘It is a debt under the statute, due from the stockholders to the creditor, springing out of and co existent with, the contract between the corporation and the creditor.’ And such being its nature, it is also said: ‘It is clear that no act by the stockholder, without the consent of the creditor, can exonerate him from the liability thus incurred.’
‘‘Whether the liability is joint and several, or several only, does not affect the question as to the time at which the obligation attaches to the stockholder in favor of the creditor. In Corning v. McCullough, supra, the liability was joint and several; but before the stockholder was liable to suit, there must have been an execution against the corporation returned unsatisfied
‘‘In the Maryland cases, the liability was limited and several only.
“The language of the constitution is that ‘in all cases each stockholder shall be liable, over and above the stock by him or her owned * * * to a further sum, at least equal in amount to such stock;’ and of the statute that, ‘all stockholders * * * shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock,’ Ac.”
The court then proceeds to discuss another matter.
There is a direct holding in that case by the supreme court that the stock liability attaches at the time the debt is created, that is, under the constitutional provision. I find that the courts hold that that arises — pretty generally although not unanimously hold — that that arises, of having it commence, at that time, not only out of the statutory liability which would make a party liable as surety for the company, that is, the- statute compels him to pay if the company does not, Now, that liability would seem to take effect when the company does not or can not or refuses to pay because not able. The court so treats it; but when *252 the courts hold that it takes effect at the beginning, that that liability arises from the double effect of the statute and the implied contract. Therefore, the supreme court, in this case I have referred to, not only holds that the liability arises when the debt is created, but cites authorities, a number of them, to show that that is brought about by the effect of the statute and of the implied agreement. This being true, the decision of the court below, was not correct. For when the creditor sues the stockholders in this state, we cannot say that he is bringing that action entirely upon statutory liability, but there is all the while running with it the implied contract, and that exists all the while. There existing that implied contract, may he not, under the proviisionu of the statute, obtain the attachment or garnishee process against a party who is a non-resident? It has been answered both ways by the common pleas courts in thisstate.
F. E. Stevens, Wm. Howell, for Plaintiff in Error.
Floyt, Dustin, & Kelly, for Defendant in Error.
In this case before us it was decided that no such attachment lay in law. At Toledo, Judge Pugsley, who stands very high, held directly to the opposite, and his opinion has been printed in 2 Nisi Prius Beports 260, and it is a very able opinion,* and we are satisfied that the court below erred in dissolving .this attachment, and the judgment is reversed and the case remanded for further proceedings.

See also note as to decision to the same effect by the circuit court of Scioto county by Bradbury, J., 41 Bulletin, 329.